# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andrea Strothers <br>            <u>Debtor</u> <br><br> PENNSYLVANIA HOUSING FINANCE AGENCY <br>            <u>Movant</u> <br>   vs. <br><br> Andrea Strothers <br>            <u>Debtor</u> <br><br> William C. Miller, Esquire <br>            <u>Trustee</u> | CHAPTER 13 <br><br><br> NO. 19-13543 ELF <br><br><br> 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$11,757.78,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2019 to November 2020 at $653.00/month |
| | December 2020 to March 2021 at $673.64/month |
| Suspense Balance: | $456.78 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$11,757.78** |

2. The Debtor shall cure said arrearages in the following manner:

    a) Debtor represents that she will be paying the full arrears on or before April 15, 2021, using funds from her retirement plan.

3. Additionally, beginning on April 1, 2021, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. In the event any of the payment listed under Section 3 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 3, 2021   By: */s/ Rebecca A. Solarz, Esquire*
                                 Attorney for Movant

Date: March 8, 2021   */s/ David M. Offen, Esquire*
                                 David M. Offen, Esquire
                                 Attorney for Debtor

*\*No objection to its terms,
without prejudice to any
of our rights and remedies*

Date: March 17, 2021   */s/ LeRoy W. Etheridge, Esquire, for\**
                                 William C. Miller, Esquire
                                 Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

                                 Bankruptcy Judge
                                 Eric L. Frank